## INHABITANTS OF WASHINGTON *vs.* PHILIP EAMES.

A person appointed by the selectmen of a town, under *St.* 1855, *c.* 215, § 5, to purchase and sell intoxicating liquors, is the agent of the town for that purpose, and the liquors purchased by him in pursuance of his appointment belong to the town; and at the termination of his agency it is his duty to account to the town for the liquors remaining on hand, and for the proceeds of such as have been sold.

A demurrer to a declaration will not be sustained for the reason that two causes of action, belonging to different classes, are blended in one count, if this objection is not specially assigned as a cause of demurrer.

TORT. The declaration was as follows : " And the plaintiffs say the defendant was an agent of said town duly appointed according to law to purchase, keep for sale, and to sell according to law intoxicating liquors as such agent for said town during the years 1858 and 1859, and as such agent he did purchase for and in behalf of said town a large quantity of liquors, [which were described.] And the plaintiffs further say that, at the time of the expiration of the agency for said town as aforesaid, the said defendant had in his possession belonging to said town a large quantity of said liquors, [the amount of which was specified,] or the value thereof in money, which he the said defendant neglected and refused, although often thereto specially requested, to deliver to the authorized agent of said town, or to account with them therefor," &c. To this declaration the defendant demurred, and alleged " that the declaration and the matter therein contained, as therein stated, are not sufficient in law to enable the plaintiffs to maintain their action ; that the plaintiffs' remedy, if any they have, is upon the bond given by the defendant to the said town, as provided by *St.* 1855, *c.* 215, § 8 ; and because no action can be maintained by said town to recover the price or value of said liquor in the manner and form declared for ; and because the plaintiffs have no property therein."

This demurrer was sustained in the superior court, and judgment rendered for the defendant ; and the plaintiffs appealed to this court.

*R. W. Adam,* for the plaintiffs.

*J. D. Colt,* (*T. P. Pingree, Jr.* with him,) for the defendant.

BIGELOW, C. J. We can see no valid reason for holding that the property in liquors purchased and held by a town agent, under the provisions of *St.* 1855, *c.* 215, §§ 5, 6, and Gen. Sts. *c.* 86, §§ 17–21, does not vest in the town. On the contrary, such a position cannot be maintained without disregarding the ordinary meaning of words, and attributing to them an unusual and extraordinary signification. The fact that the statute designates the person appointed to sell intoxicating liquors as an agent necessarily implies that he is not acting for himself, but for a principal. If we look to the statute to ascertain for whom the agent acts, the language is clear and explicit. He is the agent of the town ; he is to be appointed by the selectmen ; his certificate of authority is to be signed by them, and empowers him, " as agent of the town," to purchase and sell liquor at certain designated places therein. It is difficult to see how the relation of principal and agent could be more fully and clearly created and declared than it is by these provisions. If there was any room for doubt as to the intention of the legislature in this respect, it is made entirely clear by the recent enactment in *St.* 1861, *c.* 136, by which a town is made liable for the cost of all liquors purchased by their agent and not paid for in cash on delivery, unless express notice is given by the selectmen to the commissioner that no sale is to be made to their agents except for cash. This is a legislative exposition of the previous statute, fully recognizing the relation of principal and agent as subsisting between a town and the person appointed by the selectmen to sell intoxicating liquor within its limits. It follows, that all the legal incidents of agency, where no express provision is made to the contrary, attach and belong to the relation thus created, among which the leading ones are, that the property bought by an agent, acting within the scope of his authority, belongs to the principal, and the proceeds of the sales of such property received by the agent are to be accounted for to the principal on due demand, after the agency has terminated. Therefore the demurrer to the declaration cannot be sustained for the cause specially assigned, and on which the defendant

now attempts to support it. An action may well be maintained, on the facts stated in the declaration, for a neglect or omission of duty by the defendant as agent of the town to deliver up the liquors which were in his possession belonging to the town or to account for the proceeds of those which had been sold by him. 2 Chit. Pl. (6th Amer. ed.) 342–344. One of the causes assigned for the demurrer is, that the remedy of the town, if any, is on the bond given by the agent in pursuance of *St.* 1855, *c.* 215, § 8. This ground is not now insisted on, nor is it tenable. The condition of the bond prescribed by statute does not include an obligation by the agent to account for the property in his hands, nor to pay over the proceeds of sales made by him to the town. The only other cause of demurrer distinctly stated on the record is, that the plaintiffs had no property in the liquors in the possession of the defendant. This allegation, as has been already stated, is in direct contravention of the clear and explicit provisions of the statute.

That the declaration is defective, both in form and substance, we do not doubt. The proper mode of declaring against an agent for failure or omission of duty in duly accounting for and paying over money belonging to his principal is by an action of contract. 2 Chit. Pl. *ubi supra.* And for not redelivering property to his principal on the termination of his agency, after due demand therefor, an action of tort in the nature of trover for a conversion would be the appropriate remedy. The defect in the declaration is, that these two causes of action seem to be blended in one count in an action of tort, and the right of the plaintiffs to recover is stated in the alternative, as either a right to recover the value of the liquors in the hands of the agent at the close of his agency, or a right to an account for the proceeds thereof. But this defect in the declaration is not pointed out by the demurrer, and for that reason the defendant cannot avail himself of it. The practice act, Gen. Sts. *c.* 129, § 11, provides that to raise an issue in law the answer shall contain a statement that the defendant demurs to the declaration, and shall assign specially the causes of demurrer; and by § 12 it is required " that the particulars in which the alleged defect

consists shall be specially pointed out." The purpose of the legislature in thus abolishing general demurrers, and confining parties to a specific statement of the causes or reasons on which an objection in law to a declaration and answer is founded, was to give facility to suitors in making amendments to their pleadings without great delay and expense, as soon as defects either in form or substance were pointed out by a demurrer, and to bring the case to speedy and direct issue on any matter of law which involved the merits of the case. This object cannot be attained, nor can the requisition of the statute be complied with, if parties are allowed to assign causes of demurrer *ore tenus.* They must be confined to those causes which they allege on the record.

*Demurrer overruled; judgment for the plaintiffs.*